**DALLAS COUNTY BAIL BOND BOARD, Appellant,**

v.

**Ralph BLACK, d/b/a Allied Bonding Agency, Appellee.**

No. 05–91–00782–CV.

Court of Appeals of Texas, Dallas.

May 27, 1992.

**248**

Sylvia L. Blake, Dallas, for appellant.

Randy Adler, Dallas, for appellee.

Before STEWART, CHAPMAN, and ROSENBERG, JJ.

## OPINION

CHAPMAN, Justice.

Dallas County Bail Bond Board (The Board) appeals a judgment entered by the trial court in favor of appellee, Ralph Black, d/b/a Allied Bonding Agency (Black). The trial court found that the amount at which property is assessed or valued by any taxing authority is not evidence of the property's market value and, that therefore, the Board could not properly use that amount in determining the value of Black's property. The trial court also found that the Board could use any qualified market value appraisal that meets the requirements of article 2372$p$–3, section 6(f)(2) of the Texas Revised Civil Statutes Annotated. In one point of error, the Board contends that the trial court erred in finding that an appraised value assigned by the Dallas County Central Appraisal District (the District) is not evidence of the property's fair market value and, therefore, can not be used to affix a value to property submitted by an applicant. We overrule the Board's point of error and affirm the trial court's judgment.

Black is a licensed bail bondsman. He presented two applications to appellant. In November 1988, he presented documents to the Board concerning the placement of property on his cash account to increase his limits of liability for executing bail bonds. A member of an independent appraisal institute set the property's value at $218,000. The District, which assesses property value for tax purposes, valued the property at $42,240. The Board placed the property value at $145,000. In March 1990, Black went before the Board for relicensing. When the issue of property value arose, the Board reduced the value to $42,000.

In its sole point of error, the Board claims that the trial court erred in finding that an appraised value assigned by the District is not evidence of fair market value of that property and, therefore, cannot be used by the Board to affix a value to the property submitted by Black. Specifically, the Board asserts that it can use the appraisal value assigned by the District to affix a value to property submitted by an

applicant and that the Board has discretion in choosing between different appraisal values submitted.

A person desiring to act as a bail bondsman shall file with the County Bail Bond Board an application for license. TEX.REV. CIV.STAT.ANN. art. 2372p-3, section 6(a) (Vernon Supp.1992). When the applicant receives notification from the board that the application has tentatively been approved, the applicant shall then:

> execute in trust to the board deeds to the property listed by the applicant ... which property shall be valued in the amount indicated on an appraisal by a real estate appraiser who is a member in good standing of a nationally recognized professional appraiser society or trade organization that has an established code of ethics, educational program, and professional certification program....

TEX.REV.CIV.STAT.ANN. art. 2372p-3 § 6(f)(2) (Vernon Supp.1992).

The value placed upon real property for tax assessment purposes, without participation of the landowner, is not evidence of its value for purposes other than taxation. *Houston Lighting & Power Co. v. Fisher*, 559 S.W.2d 682, 686 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The evidence is considered hearsay and cannot support a finding of fact even without objection at trial. *Kuehn v. Kuehn*, 594 S.W.2d 158, 161 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). Further, the exclusion of such evidence is a matter of practicality because tax assessments often do not reflect the true value of property. *Houston Lighting & Power Co.*, 559 S.W.2d at 686–7.

In the instant case, Black submitted an appraisal of $218,000. The stipulated facts show that the appraiser was a qualified member of the appraisal institute in Dallas County, Texas. In March 1990, the Board gave the property a value of $42,-000, which was based on the appraisal of the District.

The Board argues that an appraiser employed by the District meets the qualifications set forth in article 2372p-3, section 6(f)(2) of the Texas Revised Civil Statutes.

Article 2372p-3, section 6(a)(4)(B) requires that an applicant seeking licensing must first file a sworn application, which includes statements by a taxing unit indicating the *net* value of the property. TEX.REV. CIV.STAT.ANN. art. 2372p-3, § 6(a)(4)(B) (Vernon Supp.1992). Section 6(f)(2) then requires the applicant to execute, in trust to the board, deeds to the property, which shall be valued in an amount indicated on an appraisal by a real estate appraiser. TEX.REV.CIV.STAT.ANN. art. 2372p-3, § 6(f)(2) (Vernon Supp.1992). The statute requires the applicant to submit both a tax appraisal, which is the net value of the property, and an appraisal in the amount "indicated ... by a real estate appraiser." The Board argues that the qualifications for the appraisers in both Sections 6(a)(4)(B) and 6(f)(2) are the same. However, the statute does not indicate that a taxing unit may perform the appraisal that constitutes the value required in section 6(f)(2). The Board has not presented any evidence that tax appraisers meet the statutory requirements of Article 2372p-3, § 6(f)(2). Therefore, the $42,000 figure submitted by the District was not properly before the Board to consider as evidence of the property's value.

We need not address the Board's assertion that it is vested with discretion in choosing between different appraisal values submitted. Only one valid appraisal value, in the amount of $218,000, was presented. Therefore, the Board need not have exercised its discretion in its choice of appraisals. We overrule the Board's point of error and affirm the trial court's judgment.