# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2013

Lyle W. Cayce
Clerk

No. 12-10752
Summary Calendar

ROBERT POSWALK; ELIZABETH M. POSWALK,

Plaintiffs-Appellants,

versus

GMAC MORTGAGE, L.L.C.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:11-CV-465

Before SMITH, PRADO and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Robert and Elizabeth Poswalk sued GMAC Mortgage, L.L.C. ("GMAC"), for a declaration that the lien placed on their house as security for a mortgage

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10752

is invalid under the Texas Constitution.  Finding no constitutional violation, the district court granted summary judgment for GMAC.  We affirm.

## I.

The Poswalks own a house in Dallas that qualifies as their homestead. They took out a loan, backed by a lien on the house, for $108,000 from Quicken Loans, Inc., which was later acquired by GMAC.  The parties signed an Acknowledgment, as provided for by the Texas Constitution,[1] which stated that the fair market value ("FMV") was $135,000 based on an independent assessment done by Forsythe Appraisals.  That appraisal conflicted with the Dallas County Appraisal District's value of $122,060.

GMAC's predecessor charged fees for the loan origination.  GMAC contends that the fees amounted to $3,240, which equals exactly 3% of the $108,000 loan; that calculation excludes a $2,295 interest-point discount "fee."  The Poswalks argue that that additional charge should be included in the calculation of the "fees" charged.

The Poswalks alleged that, based on their valuation of the house, the loan was for an amount exceeding the 80% value cap mandated by the Texas Constitution.  They also asserted that the fees exceeded the 3% maximum allowed by the constitution.  A finding of either would nullify the lien and cause GMAC to forfeit all principal and interest.

## II.

Although the Texas Constitution prohibits liens on a homestead to satisfy a debt, TEX. CONST. art. XVI § 50(a), there is an exception for home-equity mort-

---

[1] "The owner of the homestead and the lender [must] sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made." TEX. CONST. art. XVI, § 50(a)(6)(Q)(ix).

No. 12-10752

gages that meet specific requirements. Where the requirements are not met, the lien is invalid, and all principal and interest are forfeited. *Id.* § 50(a)(6)(Q)(x).

The first requirement the Poswalks claim was not met is based on the amount of the loan they received. Extensions of credit backed by liens on a homestead are valid only if the principal "does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." *Id.* § 50(a)(6)(B). The Poswalks argue that the $108,000 loan was more than 80% of the home's value.

Despite signing the required Acknowledgment stating that the FMV was $135,000, the Poswalks now maintain that the FMV was less than that. They point to the appraisal district's assessment showing a value for tax purposes of $122,060 and to Robert Poswalk's testimony that the home was worth less than $122,000.

Under Texas law, however, GMAC was able to rely on the Forsythe appraisal and the Acknowledgment to establish the FMV. A "lender or assignee for value may conclusively rely on the written acknowledgment as to the [FMV] of the homestead property" so long as

> (1) the value acknowledged to is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6); and
>
> (2) the lender or assignee does not have actual knowledge at the time of the payment of value or advance of funds by the lender or assignee that the [FMV] stated in the written acknowledgment was incorrect

*Id.* § 50(h).

The first requirement is plainly met; the Poswalks focus on the second prong and claim that GMAC's predecessor knew that the Forsythe valuation was inaccurate. That argument is unavailing.

No. 12-10752

"[U]nder Texas law, tax valuations are legally insufficient evidence of [FMV]." *United States v. Curtis*, 635 F.3d 704, 718 (5th Cir.), *cert. denied*, 132 S. Ct. 191 (2011). *Curtis* is based on numerous Texas state court decisions holding that the "value placed upon real property for tax assessment purposes . . . is not evidence of its value for purposes other than taxation."[2]

Based on Texas's clear law that tax valuations do not constitute conclusive evidence of FMV, the Poswalks may not rely on that evidence to establish that GMAC's predecessor had knowledge that the market value stated in the Acknowledgment was incorrect. The only other evidence they present is Robert Poswalk's self-serving testimony that he had a feeling that the market value was less than $135,000. That is not sufficient to rebut the signed Acknowledgment of the FMV. The district court correctly held that there was no violation of Section 50(a)(6)(B).

The Poswalks next challenge the amount of the fees they were charged to close the loan. A loan secured by a lien on a homestead is not valid if the loan requires "the owner or the owner's spouse to pay, in addition to any interest, fees . . . that exceed, in the aggregate, three percent of the original principal amount of the extension of credit." TEX. CONST. art. XVI, § 50(a)(6)(E).

On appeal, the Poswalks contend that a $2,295 interest discount-point charge constituted a fee that, when added to the other fees, resulted in a violation of the 3% rule. GMAC answers, and the district court found, that the discount points constituted interest rather than a fee.

Although the Texas Supreme Court has not explicitly answered whether loan discount points constitute "fees" under Section 50(a)(6)(E), we recently

---

[2] *Dallas Cnty. Bail Bond Bd. v. Black*, 833 S.W.2d 247, 249 (Tex. App.—Dallas 1992, no writ); *City of Sherman, Tex. v. Wayne*, 266 S.W.3d 34, 49 (Tex. App.—Dallas 2008, no pet.) ("[T]he tax appraisal is no criterion of market value in condemnation proceedings because it rarely reflects the true market value.").

addressed that question in *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781, 795 (5th Cir. 2010). Faced with a challenge similar to the one made here, this court made an "*Erie* guess" about what the Texas Supreme Court would do. *Id.* at 794 (citing *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir.2009) (Where "no state court decisions control, we must make an 'Erie guess' as to how the Texas Supreme Court would apply state law.")). After analyzing conflicting Texas intermediate appellate precedent, we concluded that "discount points involved in the [ ] loan were interest that did not count against the 3% cap in § 50(a)-(6)(E)." *Id.* at 796. We relied on *Tarver v. Sebring Capital Credit Corp.*, 69 S.W.3d 708, 712 (Tex. App.—Waco 2002, no pet.), in which the court undertook an in-depth analysis of the meaning of interest in various Texas statutes and regulations and ultimately concluded that an interest discount fee was interest rather than a fee. Therefore, as a matter of Texas law, interest discount points are not included in the 3% fee cap.

The district court rightly found that the fee cap was not exceeded, and Section 50(a)(6)(E) was not violated.[3] Because the loan did not violate the Texas Constitution, the court was correct in denying declaratory judgment to that effect and denying relief under Section 50(a)(6)(Q)(x) predicated on a finding of a constitutional violation.

The summary judgment is AFFIRMED.

---

[3] Robert Poswalk signed a Client Acknowledgment stating that he "acknowledged that [he was] electing to pay discount point(s) in order to obtain a lower interest rate . . . [and] that discount points are 'interest' under Texas law . . . excluded from the 3% fee limit."