**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2013

Lyle W. Cayce
Clerk

No. 13-10362
Summary Calendar

JOHN D. THORNTON; ROBYN THORNTON,

Plaintiffs - Appellants,

v.

GMAC MORTGAGE, L.L.C.,

Defendant - Appellee.

Appeal from the United States District Court for the
Northern District of Texas
3:12-CV-880

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John and Robyn Thornton brought an action against GMAC Mortgage in Texas state court, seeking a declaration that GMAC's lien on their home is invalid and that GMAC has forfeited all interest and principal due under the loan it made to the Thorntons. The Thorntons allege that the lien, which secures a $81,600 loan, is invalid due to noncompliance with Article XVI, Section 50(a)(6) of the Texas Constitution. Specifically, the Thorntons allege that the amount of the loan exceeded eighty percent of their home's fair market value. GMAC

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10362

removed the case to federal court and moved for summary judgment. The district court granted GMAC's motion and entered judgment in its favor, concluding that the Thorntons had produced no competent evidence showing that the loan exceeded eighty percent of the home's value. The Thorntons now appeal.

Subject to certain exceptions, the Texas Constitution prohibits the sale of a family's homestead to satisfy debts. TEX. CONST. art. XVI, § 50(a). One exception is for home equity mortgages that meet certain requirements, including the requirement that the loan not exceed eighty percent of the fair market value of the home at the time the loan is made. *Id.* § 50(a)(6)(B). If the requirements are not met, the lien is invalid and the principal and interest are forfeited. *Id.* § 50(a)(6)(Q)(x). The lender and the owner of the homestead must "sign a written acknowledgement as to the fair market value of the homestead property on the date the extension of credit is made." *Id.* § 50(a)(6)(Q)(ix). The lender "may conclusively rely on the written acknowledgement as to the fair market value of the homestead property" if the value is based on an appraisal or evaluation that meets certain criteria and if the lender "does not have actual knowledge at the time of the payment of value or advance of funds . . . that the fair market value stated in the written acknowledgement [is] incorrect." *Id.* § 50(h).

In 2007 the Thorntons took out a $81,600 loan, backed by a lien on their home, from GMAC's predecessor in interest. The parties signed an acknowledgement stating that the fair market value of the home was $102,000, based on an appraisal conducted by Scott Craft.[1] However, despite this acknowledgement, the Thorntons now argue that the actual fair market value of their home was $80,160, the value determined by the Dallas Central

---

[1] The loan amount, $81,600, is exactly eighty percent of $102,000.

No. 13-10362

Appraisal District in 2007 for tax purposes.  The Thorntons further argue that because GMAC was aware of the value determined by the appraisal district, GMAC could not rely upon the value stated in the written acknowledgement because it had actual knowledge that this value was incorrect.  The Thorntons also point to a 2012 affidavit by John Thornton stating that, in his opinion, the fair market value of the home was $80,160 in 2007.

"[U]nder Texas law, tax valuations are legally insufficient evidence of fair-market value." *United States v. Curtis*, 635 F.3d 704, 718 (5th Cir. 2011) (citing *Dallas Cnty. Bail Bond Bd. v. Black*, 833 S.W.2d 247, 249 (Tex.App.—Dallas 1992, no writ)); *see also Poswalk v. GMAC Mortg., L.L.C.*, 519 F. App'x 884 (5th Cir. 2013).  Furthermore, John Thornton's 2012 opinion of his home's value in 2007 does not show that GMAC had actual knowledge that the value based on the Craft appraisal was incorrect.  Because the Thorntons produced no competent evidence showing that GMAC had actual knowledge that the $102,000 value reflected in the written acknowledgement was incorrect, GMAC may conclusively rely on this value to show that it did not violate section 50(a)(6).  The district court's judgment in favor of GMAC is therefore AFFIRMED.