## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2013

No. 13-10342
Summary Calendar

Lyle W. Cayce
Clerk

ARMANDO GONZALEZ; ANGELINA GONZALEZ,

Plaintiffs - Appellants,

v.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC
2004KS12, By and through its servicer-in-fact GMAC Mortgage, L.L.C.,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1131

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Armando and Angelina Gonzalez ("the Gonzalezes") sued U.S. Bank National Association ("U.S. Bank"), alleging that U.S. Bank forfeited all principal and interest on the loan that it made to the Gonzalezes because the loan violated certain provisions of the Texas Constitution. The district court granted summary judgment and denied the Gonzalezes' request for declaratory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10342

judgment.  We AFFIRM.

## I.

The Gonzalezes refinanced their homestead in 2004.  They took out a $96,000 loan by executing a note in favor of what is now U.S. Bank, and a deed of trust in favor of Mortgage Electronic Registration Systems, Inc., as nominee. At the time the loan was executed, the Gonzalezes acknowledged in a notarized affidavit, as part of the homestead refinancing process outlined in the Texas Constitution, that the fair market value of their home at the time was $120,000. This "Acknowledgment" was based on and incorporated a reference to a property appraisal that was paid for by the Gonzalezes during the closing process.  The Gonzalezes also received a tax appraisal from the Dallas Central Appraisal District ("DCAD Tax Appraisal") that valued their home at $110,750 for property tax purposes.  Despite having the DCAD Tax Appraisal at the time the loan closed, the Gonzalezes did not dispute that the fair market value of their homestead was $120,000.

In December 2011, U.S. Bank attempted to foreclose on the Gonzalezes' residence.  The Gonzalezes sued U.S. Bank, alleging that their loan was extended in violation of certain provisions of the Texas Constitution, art. XVI, section 50, and that the foreclosure based on that loan also violated the Texas Constitution.  The Gonzalezes sought damages and a declaratory judgment. The district court found no violations of the Texas Constitution, and granted summary judgment in favor of U.S. Bank on all claims.

On appeal the Gonzalezes argue that a genuine issue of material fact exists as to the fair market value of the home in 2004, and therefore the district court erred in granting summary judgment.  The Gonzalezes also appeal the

No. 13-10342

district court's denial of declaratory judgment.[2]

## II.

The Texas Constitution allows liens on a homestead in specific situations and pursuant to several conditions, including that extensions of credit may not exceed 80% of the fair market value of the homestead on the date the extension of credit is made. TEX. CONST. art. XVI, § 50(a)(6)(B). Lenders may conclusively rely on a written acknowledgment by the property owner as to the fair market value of the homestead when it matches the value estimate in an appraisal prepared in accordance with state requirements for an extension of credit. TEX. CONST. art. XVI, § 50(h). Lenders may not rely on such an acknowledgment, however, if they have actual knowledge that the fair market value included is incorrect. TEX. CONST. art. XVI, § 50(h)(2). The remedy for a violation is forfeiture of all principal and interest. TEX. CONST. art. XVI, § 50(a)(6)(Q)(x).

The Gonzalezes first argue that U.S. Bank knew that the Acknowledgment was incorrect and unreliable because the fair market value contained in the Acknowledgment differed from the 2004 DCAD Tax Appraisal. However, U.S. Bank's knowledge of the DCAD Tax Appraisal is not evidence that the fair market value included in the Acknowledgment was incorrect because "under Texas law, tax valuations are legally insufficient evidence of fair-market value." *United States v. Curtis*, 635 F.3d 704, 718 (5th Cir. 2011); *see Poswalk v. GMAC Mortg., L.L.C.*, 519 F. App'x 884, 886 (2013) (unpublished but persuasive) (observing that in Texas a plaintiff could not rely on a tax

---

[2] The Gonzalezes did not raise on appeal their argument before the district court that the fees on the loan exceeded 3% of the loan amount, in violation of the Texas Constitution, article XVI, section 50(a)(6)(E). Therefore, we do not consider it.

No. 13-10342

valuation to establish a defendant's knowledge that a loan acknowledgment was incorrect); *Thornton v. GMAC Mortg., L.L.C.*, No. 13-10362, 2013 WL 5540136, at \*1 (5th Cir. Oct. 9, 2013) (unpublished but persuasive) (observing that under Texas law a tax appraisal was not "competent evidence" that a defendant knew that a loan acknowledgment was incorrect).

The Gonzalezes next argue that Mr. Gonzalez's 2012 affidavit that the fair market value of his home in 2004 was \$110,750 creates a fact issue. The district court disregarded the 2012 affidavit because it determined that the affidavit was conclusory and unsubstantiated. Even assuming *arguendo* that the district court was incorrect and Mr. Gonzalez's 2012 affidavit could be some evidence of the market value of his home in 2004, the argument is unavailing. The 2012 affidavit does not establish that U.S. Bank had any actual knowledge that Mr. Gonzalez valued his home at that amount in 2004 and is insufficient to create a fact issue. *See Thornton*, No. 13-10362, 2013 WL 5540136, at \*1 (5th Cir. Oct. 9, 2013) (unpublished but persuasive) (observing that a plaintiff's 2012 affidavit was insufficient to establish that the defendant knew a 2007 acknowledgment was incorrect); *see also Poswalk*, 519 F. App'x 884, 886 (2013) (unpublished but persuasive) (observing that a plaintiff's "self-serving" testimony that he had a "feeling" about the market value of his home was insufficient to establish that the defendant knew a prior acknowledgment was incorrect).

For the same reasons, the district court did not err when it declined the Gonzalezes' request to issue a declaratory judgment. AFFIRMED.