**Affirm and Opinion Filed March 25, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-20-00624-CV

**MELISSA BREWER, Appellant**

**V.**

**COMPASS BANK, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02438-2019**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Carlyle

Melissa Brewer filed this lawsuit against Compass Bank[1] seeking to set aside

a foreclosure sale. Compass Bank counterclaimed for a deficiency judgment. The

trial court granted Compass Bank's motion for summary judgment on both parties'

claims and awarded it the requested deficiency amount of $75,306.92.

Ms. Brewer contends summary judgment was improper because (1) the trial

court erred by overruling her objections to Compass Bank's evidence and (2) she

---

[1] The record shows appellee currently describes itself as "BBVA USA f/k/a Compass Bank." We refer to appellee as Compass Bank in this opinion.

raised fact issues regarding the foreclosure notice and the property's value. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

In December 2011, Ms. Brewer purchased a home at 309 Park Lake Drive, McKinney, Texas, 75070 (the property). To finance that purchase, she borrowed $436,380.00 from Compass Bank. She signed a thirty-year promissory note in which she agreed to repay the loan in monthly installments and a deed of trust conveying the property to a trustee as security for her repayment. The deed of trust provided that if Ms. Brewer defaulted on her payments and failed to cure the default, Compass Bank could require immediate payment in full and, with proper notice to Ms. Brewer, authorize sale of the property to the highest bidder. The deed of trust also stated:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. . . . The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time.
> . . . .
> If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place, and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law.

Ms. Brewer fell behind on her mortgage payments starting in March 2014. In October 2018, Compass Bank notified her that if she failed to cure her default, the full amount of the loan would become due immediately. She did not cure the default.

Several months later, Compass Bank accelerated the loan. A foreclosure sale of the property was set for May 7, 2019.

Ms. Brewer filed this lawsuit on May 6, 2019. Though her original petition requested a temporary restraining order to stop the foreclosure, the sale took place the next day as scheduled. The property was sold to Compass Bank for $500,000.00.

Following the foreclosure sale, Ms. Brewer filed an amended petition that stated:

> 14. In July 2018, the Property became uninhabitable due to increased levels of formaldehyde from the defectively installed spray foam insulation. As a result, Plaintiff had to temporarily relocate. Plaintiff notified Compass Bank of her relocation.
> 15. On April 23, 2019, Plaintiff received an email with a Notice of Trustee's Sale attached. . . . Plaintiff had no knowledge that the Property had been set for foreclosure until she received the email on April 23, 2019. The Notice of Trustee's Sale is untimely.
> . . . .
> 28. . . . Plaintiff notified Compass Bank that she had to temporarily relocate. Nonetheless, Compass Bank failed to mail the required notices under the Texas Property Code and the Deed of Trust.

Ms. Brewer asserted claims against Compass Bank for breach of contract, Texas Debt Collection Act violations, "suit to set aside the foreclosure sale and cancel trustee's deed," and wrongful foreclosure. Each claim stemmed from Ms. Brewer's contention that she did not receive proper notice of the foreclosure sale.

Compass Bank generally denied Ms. Brewer's claims and asserted its deficiency counterclaim. Ms. Brewer generally denied the counterclaim and asserted, "Because the terms of the Deed of Trust were not strictly followed, the May

7, 2019 foreclosure sale should be set aside, and Defendant is not entitled to any deficiency judgment."

On January 28, 2020, Compass Bank filed a combined traditional and no-evidence motion for summary judgment. The motion asserted, among other things, (1) "on March 21, 2019 Defendant, through counsel, mailed Plaintiff a Notice of Acceleration and Notice of Sale by certified and first-class mail notifying Plaintiff that Defendant was exercising its power of sale, the loan was fully accelerated, and that the foreclosure sale would take place on May 7, 2019"; (2) the foreclosure sale proceeded and on May 7, 2019, the property sold to Compass Bank for $500,000.00; and (3) at the time of the foreclosure sale, "the total amount due under the Note was $575,306.92.14."

Compass Bank's motion argued (1) Texas Property Code § 51.002(e) provides that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address"; (2) on October 18, 2018, "Plaintiff confirmed that although she had temporarily moved into a hotel, the 309 Park Lake Drive was still a good address for sending notices"; and (3) on March 21, 2019, Compass Bank "caused the required notice of acceleration and trustee's sale be deposited postage prepaid with the United States Postal Service at the Plaintiff's residence address, which remained the last known address of the Plaintiff for notice purposes." Additionally, Compass Bank asserted (1) Ms. Brewer "swore under

penalty of perjury" in a 2016 bankruptcy filing that the value of the property was $525,000.00 and (2) in an ongoing 2019 Collin County lawsuit against several contractors, Ms. Brewer alleged the property "is uninhabitable and in order to remedy said issues requires—at the very least—major reconstruction or—at worst—demolition."

Compass Bank contended it was entitled to traditional summary judgment because there was no genuine issue of material fact regarding its assertions that "Defendant mailed both the notice of default and notice of sale as required by the Texas Property Code and the Deed of Trust" and "after the foreclosure sale there remained a deficiency for amounts still owed by Plaintiff to Defendant under the Note." Thus, Compass Bank argued, the evidence conclusively negated essential elements of each of Ms. Brewer's claims and proved Compass Bank's counterclaim.

Compass Bank also asserted it was entitled to no-evidence summary judgment on all of Ms. Brewer's claims because her causes of action "are all based on the alleged failure of Defendant to provide notices." Compass Bank argued there is no evidence the foreclosure notice was improper because Ms. Brewer has no evidence she provided notice of an address change as required under the property code. Additionally, Compass Bank argued Ms. Brewer "has no evidence that she suffered any damages as a result of any action by [Compass Bank]," as "[a]t the time of the foreclosure sale, there was no equity in the Property."

Compass Bank attached evidence, including (1) 2016 bankruptcy documents filed by Ms. Brewer and (2) a January 24, 2020 affidavit of Rosalyn London, who stated she was "presently employed by BBVA USA formerly known as Compass Bank in the capacity of VP – Default Manager." In the affidavit, Ms. London testified to her personal knowledge of the true and correct facts, as well as a proper business records foundation, and continued as follows:

> 7. "BBVA USA has duly performed all of the conditions of the Note and Deed of Trust.
> 8. "Plaintiff defaulted on her performance under the Note and Deed of Trust by failing and refusing to pay the monthly installment payments when due. As of October 1, 2018, the amount needed to reinstate and bring the loan current was $171,079.60. As of May 7, 2019, the amount needed to pay off the loan was $575,306.92. At the time of the foreclosure sale, Ms. Brewer owed for the March 1, 2014 payment and all subsequent payments.
> 10. [sic] ". . . On October 18, 2018, Ms. Brewer notified BBVA USA that although she had temporarily moved to a hotel but that [sic] the Property was still a good address to send notice. . . .
> . . . .
> 12. "After the Plaintiff remained in default on the loan, BBVA USA caused to be sent a Notice of Default and Intent to Accelerate to the Plaintiff on March 21, 2019. A true and correct copy of said notice is incorporated herein and attached hereto as Exhibit A-5.
> 13. "On May 7, 2019, BBVA USA purchased the Property at a lawful foreclosure sale in the amount of $500,000. . . .
> 14. After crediting the Note for the amount of $500,000 as the purchase price of the Property, there remained a balance of $75,306.92 due under the Note after the foreclosure sale."

The attachments to Ms. London's affidavit included copies of the note, the deed of trust, the substitute trustee's deed, and, in Exhibit A-5, a March 21, 2019 "Notice of

Acceleration and Trustee's Sale" with a "USPS Certified Mail" label and a postmark showing it was mailed via first-class mail to the property address on that date.

Ms. Brewer responded, objecting to the above-described portion of paragraph 10 of Ms. London's affidavit as conclusory, unsubstantiated, and hearsay. Alternatively, Ms. Brewer argued that even if the trial court were to consider the objected-to affidavit statement, a fact question remained regarding proper notice.

Ms. Brewer stated her "primary argument," that Compass Bank "failed to send the requisite notices under the Texas Property Code to Plaintiff's temporary address when Plaintiff notified Defendant of this temporary address change," and instead "sent the foreclosure notices to the Property, which Defendant knew was unoccupied because of the property's toxicity." She contended summary judgment was precluded because she notified Compass Bank of her address change "(1) via phone call with Gerald Banks, Defendant's agent and corporate representative in the instant case; and (2) in writing by emailing Gerald Banks." She argued:

> While Tex. Prop. Code § 51.0001(2)(A) requires a borrower to provide a written change of address, and Plaintiff posits she satisfied this by emailing Gerald Banks, the Deed of Trust at issue here expressly provides that, "[i]f Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure." . . . Plaintiff promptly notified Defendant of her address change via phone call with Gerald Banks. In fact, in his deposition, Gerald Banks said address change via phone call is Defendant's procedure[.]

Additionally, though she acknowledged stating in her 2016 bankruptcy filing that the property's value was $525,000.00 and alleging in her 2019 contractor lawsuit

that the property was uninhabitable, she contended that at the time of the 2019 foreclosure sale the property was "valued at almost $942,351.00" by the Collin County Appraisal District. She stated, "Because there is evidence that the Property was worth almost a million at the time of sale and Defendant itself admits that Plaintiff owed $575,306.92 [at] that time, Defendant is not entitled to any deficiency, and Defendant's assertion that there was no equity at the time of sale is incorrect."

The evidence attached to Ms. Brewer's summary judgment response included excerpts from a deposition of Mr. Banks in which he stated:

> Q: . . . [W]hat is Compass Bank's procedure for sending required notices when the homeowner has told Compass Bank they have moved out of the property address?
> A: Our procedure is if we've been told they've moved out of the address is to get a new address to send that information to them.
> Q: How would they go about getting the new address?
> A: Telephone conversation, yes.

Ms. Brewer's evidence also included a declaration in which she stated:

> "In July 2018, the Property became uninhabitable due to increased levels of formaldehyde from the defectively installed spray foam insulation. As a result, I had to temporarily relocate. I was in constant contact with Gerald Banks ("Mr. Banks"), a client advocate manager for Compass Bank regarding my loan. I also kept him informed of my living situation. I informed Mr. Banks on several occasions of my address change over the telephone. I followed up some of these conversations in writing. See true and correct copies of emails sent to Mr. Banks regarding my address change attached hereto as Exhibit B, and incorporated herein for all purposes.
> . . . .
> "I did not receive the required notices of default, intent to accelerate, right to cure, right to reinstate, and a timely notice of trustee's sale regarding the May 7, 2019 foreclosure. I dispute the validity of the May 7, 2019 foreclosure sale.

Exhibit B to Ms. Brewer's declaration consisted of two printed emails. The first was an October 18, 2018 email from her to Mr. Banks in which she responded to his apparent request for inspection reports and stated as follows:

Subject: RE: Contact Information

Hi Mr. Banks,
I appreciate the opportunity to speak with you today. Just got settled at Homewood suites in Frisco, Texas.
I am sending you a link or I will try to attach the reports on separate emails. Please confirm that you have received them on your end.

Sincerely,
Melissa G. Brewer
[phone number]
309 Park Lake Drive
McKinney TX 75070

The second was an April 3, 2019 email from Ms. Brewer to her counsel in her contractor lawsuit, with a "cc" to Mr. Banks. That email consisted of several photographs of a room containing air mattresses and personal belongings and stated, "Subject: This is how we have been living / it has been traumatizing – we have nothing." Nothing in that email indicated where the photographs were taken.

Additionally, Ms. Brewer's evidence included a document she described as "Collin County Appraisal District Report." The document was a printout of a "Property Search" showing the property's 2019 appraised value as $942,351.00.

In its reply to Ms. Brewer's summary judgment response, Compass Bank argued that the objection to Ms. London's affidavit should be overruled because the

challenged facts were "derived from Defendant's business records." Compass Bank also contended, "After the Defendant provided evidence attached to its Motion for Summary Judgment that the notices were sent to the correct notice address, the burden shifted to the Plaintiff to provide evidence contrary to the Defendant's evidence. Plaintiff has not met her burden." Additionally, Compass Bank objected to the appraisal evidence on hearsay and relevance grounds "to the extent Plaintiff is attempting to offer the appraisal district value as evidence." Compass Bank argued Ms. Brewer "provides no evidence in her response to support her valuation of the property, an increase of almost double the amount she swore to in her bankruptcy case."

The trial court signed a March 20, 2020 final judgment in which it overruled Ms. Brewer's objection to Ms. London's affidavit and granted summary judgment in Compass Bank's favor without stating the grounds for its ruling. Ms. Brewer filed a motion for new trial asserting summary judgment was improper because she had raised fact issues on notice and the property's value and after a hearing, the trial court denied the motion.

## Standard of review

We review a summary judgment de novo. *E.g.*, *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar,*

*Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). "A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

Under rule 166a(i), a party may move for no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or no evidence of a defense on which an adverse party has the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court may grant a no-evidence motion for summary judgment unless the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the elements challenged by the motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id*. at 601. If the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id*. When determining whether the

–11–

nonmovant has produced more than a scintilla of evidence, we view the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

Where, as here, a trial court's order does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *E.g.*, *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017).

### Applicable law

A sale of real property under a power of sale conferred by a deed of trust must be a public sale at auction on the first Tuesday of a month. TEX. PROP. CODE § 51.002(a). Notice of the sale must be given at least twenty-one days before the date of the sale by, among other things "serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id*. § 51.002(b)(3). Service of a notice under § 51.002 by certified mail "is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id*. § 51.002(e). The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service. *Id*.

"Debtor's last known address" means "for a debt secured by the debtor's residence, the debtor's residence address unless the debtor provided the mortgage servicer a written change of address before the date the mortgage servicer mailed a

–12–

notice required by Section 51.002." *Id.* § 51.0001(2)(A). "A debtor shall inform the mortgage servicer of the debt in a reasonable manner of any change of address of the debtor for purposes of providing notice to the debtor under Section 51.002." *Id.* § 51.0021.

Under property code § 51.003(b), "[a]ny person against whom [a deficiency judgment] is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale." *Haddington Fund, LP v. Kidwell*, No. 05-19-01202-CV, 2022 WL 100111, at *9 (Tex. App.—Dallas Jan. 11, 2022, no pet.) (mem. op.). If the fair market value is greater than the foreclosure sale price, the borrower is entitled to an offset against the deficiency in the amount of the excess, less the amount of any obligations secured by the lien on the property but not extinguished by the foreclosure. *Id.* The right of offset under § 51.003 "is an affirmative defense that must be pled and proved by the defendant." *Id.*; *see also Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 592 (Tex. App.—Austin 2013, pet. denied) (request by motion can meet pleading requirement).

### Summary judgment on Ms. Brewer's claims

In her first issue, Ms. Brewer contends the trial court erred by granting Compass Bank's traditional and no-evidence motions for summary judgment on her claims. She asserts three "subissues" under that issue:

Subissue 1: Did the trial court err in overruling Brewer's objection to Compass's purported evidence that it gave the required notice, because that "evidence" was conclusory and incompetent to support a summary judgment?

Subissue 2: Did Brewer create a fact issue on whether Compass provided the required notice, when Compass sent the Notice to a residence Brewer had vacated, even after Brewer informed Compass of a change of address?

Subissue No. 3: Did the trial court err in granting Compass's no-evidence summary judgment that Brewer did not suffer damages when there was evidence that the value of the Residence was $942,351.00 on the day Compass foreclosed on the Residence, and the unpaid balance on the note was $575,306.92?

We address Ms. Brewer's first and second subissues together. She argues (1) the deed of trust "specified its own procedure to notify Compass of a change of address," which "superseded the notice requirements in the Texas Property Code"; (2) she "complied with Compass's procedure for reporting a change of address"; (3) to the extent she was required to comply with § 51.0001, she did so; and (4) the only evidence that contradicts her compliance with the applicable address-change notice requirement is Ms. London's conclusory affidavit statement that Ms. Brewer notified Compass Bank she had "moved to a hotel but that the Property was still a good address to send notice," which the trial court should not have considered. We need not address whether the trial court erred by considering Ms. London's objected-to affidavit statement because even without that statement, summary judgment was not improper.

–14–

We cannot agree with Ms. Brewer that Mr. Banks's deposition testimony— in which he stated that a telephone conversation would be a means for Compass Bank to "go about getting" a notice address when the bank knew a borrower had moved out of a property—constitutes evidence that Compass Bank "specifie[d] a procedure" pursuant to the deed of trust for reporting address changes via phone call. Mr. Banks's testimony did not address procedures for borrowers to report address changes to Compass Bank and cannot support a reasonable inference of having so "specified."

Further, no evidence in the record supports a reasonable inference that Ms. Brewer provided a new notice address in writing or informed Compass Bank "in a reasonable manner of any change of address . . . for purposes of providing notice to the debtor under Section 51.002." *See* TEX. PROP. CODE §§ 51.0001(2)(A), 51.0021. The record contains no new address provided by Ms. Brewer to Compass Bank in any manner before the foreclosure sale, let alone in writing as required by the deed of trust and § 51.0001(2)(A). Though her October 18, 2018 email informed Mr. Banks she "[j]ust got settled at Homewood suites in Frisco, Texas," her message contained no room number and no street address, and, incongruous to her argument on appeal, that same email stated the property address below her name and phone number.[2] On this record, we conclude Ms. Brewer did not meet her summary

---

[2] Additionally, the case Ms. Brewer primarily relies on to support her position is materially distinguishable because, unlike this case, it involved an address set out in a written email and an analysis

judgment burden regarding her compliance with the address-change notice requirements of the deed of trust or property code.

In her appellate briefing, Ms. Brewer asserts for the first time that Ms. London's affidavit does not "establish as a matter of law that Compass even provided notice to the Residence" because Ms. London lacked "actual knowledge" regarding such notice. As described above, Ms. London testified in her affidavit (1) she has "personal knowledge of the facts stated in this Affidavit, and they are true and correct"; (2) she is "a custodian of the records in respect to the indebtedness owed to BBVA USA by the Plaintiff"; and (3) "BBVA USA has duly performed all of the conditions of the Note and Deed of Trust." She also stated in paragraph 12 of her affidavit that "BBVA USA caused to be sent a Notice of Default and Intent to Accelerate to the Plaintiff on March 21, 2019. A true and correct copy of said notice is incorporated herein and attached hereto as Exhibit A-5." Exhibit A-5 included a March 21, 2019 "Notice of Acceleration and Trustee's Sale" with a "USPS Certified Mail" label and a postmark showing it was mailed via first-class mail to the property address on that date.

Ms. Brewer did not object to those affidavit provisions in the trial court. Assuming without deciding that Ms. Brewer's complaint regarding those provisions is properly before us, Ms. London's affidavit statements and the exhibits attached

under property code § 51.0001(2)(B), which applies to debts not secured by the debtor's residence and is not applicable here. *See Bauder v. Alegria*, 480 S.W.3d 92, 96–98 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

–16–

satisfied Compass Bank's summary judgment burden regarding notice mailed to the property address. *See Botello v. MidFirst Bank*, No. 05-19-00461-CV, 2020 WL 3263434, at *3 (Tex. App.—Dallas June 17, 2020, no pet.) (mem. op.) (concluding bank's affidavits that described personal knowledge based on position and responsibilities and included attachments containing the described documents sufficiently supported summary judgment in borrower's lawsuit challenging foreclosure); *see also* TEX. PROP. CODE § 51.002(e).

In her third subissue, Ms. Brewer contends the trial court erred to the extent it concluded she produced no evidence of damages because "there was evidence that the value of the Residence was $942,351.00 on the day Compass foreclosed on the Residence, and the unpaid balance on the note was $575,306.92." The record does not show Ms. Brewer pled that affirmative defense or filed a motion pursuant to property code § 51.003(b). *See Haddington Fund*, 2022 WL 100111, at *9.

The value placed upon the property for tax assessment purposes was not evidence of its value for purposes other than taxation and is considered hearsay. *See Dallas Cty. Bail Bond Bd. v. Black*, 833 S.W.2d 247, 249 (Tex. App.—Dallas 1992, no writ). That said, a tax appraisal admitted without objection can constitute some probative evidence of fair market value of real property. *See Sadeghian v. Jaco*, No. 05-18-00838-CV, 2020 WL 400172, at *5 (Tex. App.—Dallas Jan. 23, 2020, pet. denied) (mem. op.) (discussing *Black* and its predecessors in a thorough, concise, scholarly discussion of the law on this point). Here, Compass Bank objected to Ms.

Brewer's appraisal evidence on hearsay grounds, and thus the tax appraisal was no evidence of value.

As described, the record shows Ms. Brewer's claims were all based on one or both of the two elements she disputes: (1) notice of the foreclosure sale and (2) the property's value. Because the record does not show she met her burden to preclude summary judgment as to either of those elements, the trial court did not err by granting Compass Bank's motion for summary judgment on her claims.

**Summary judgment on Compass Bank's counterclaim**

In her second issue, Ms. Brewer asserts Compass Bank was not entitled to summary judgment on its deficiency counterclaim because she "presented evidence that the value of the Residence was $942,351.00 on the day Compass foreclosed, and Compass purchased the Residence for $500,000." Echoing her first-issue arguments, she contends (1) Compass Bank did not establish that it was entitled to a deficiency judgment as a matter of law because the improper notice "made any foreclosure invalid" and (2) "even if Compass had established a deficiency, Brewer raised a fact question as to whether she was entitled to an offset based on the market value of the Residence."

Ms. London's unobjected-to affidavit statements and the affidavit's attachments established Compass Bank's right to foreclose and the deficiency amount. *See Botello*, 2020 WL 3263434, at *3. Additionally, we concluded above that the record does not show Ms. Brewer raised a genuine issue of material fact

–18–

regarding the foreclosure sale notice or the property's value. Thus, the trial court did not err by granting summary judgment in favor of Compass Bank on its counterclaim. *See* TEX. PROP. CODE § 51.003(c) ("If no party requests the determination of fair market value or if such a request is made and no competent evidence of fair market value is introduced, the sale price at the foreclosure sale shall be used to compute the deficiency.").

*     *     *

We affirm the trial court's judgment.

_____

200624f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELISSA BREWER, Appellant

No. 05-20-00624-CV          V.

COMPASS BANK, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-02438-2019.
Opinion delivered by Justice Carlyle. Justices Smith and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee COMPASS BANK recover its costs of this appeal from appellant MELISSA BREWER.

Judgment entered this 25th day of March, 2022.