**AFFIRMED and Opinion Filed June 23, 2022**



In the

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00075-CV

**KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR THE BRIAR OAK 223 LAND TRUST, Appellant**

**V.**

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-01245-2018**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Carlyle

Kingman Holdings, LLC, as Trustee for the Briar Oak 223 Land Trust (Kingman) appeals from a summary judgment granted in favor of U.S. Bank Trust National Association, not in its Individual Capacity, but Solely as for the RMAC Trust, Series 2016-CTT (the Bank).[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] Nationstar Mortgage LLC d/b/a Mr. Cooper (Nationstar) assigned the note and deed of trust at issue in this appeal to the Bank, and the Bank substituted as the party in place of Nationstar in July 2019.

In 2007, Stella Agbasi and Jerry Agbasi took out a home-equity loan in the principal amount of $217,000. Among the documents executed as part of the Loan transaction were a Texas Home Equity Note[2] and a Texas Home Equity Security Instrument granting a first lien on the Agbasis' property. The Agbasis also executed an Acknowledgement Regarding Fair Market Value of Homestead Property, in which they stated that the fair-market value of their property was $272,000. That amount matched the value provided in an appraisal performed in connection with the Loan. The Agbasis signed an affidavit at closing acknowledging that the Loan was in a principal amount that, when aggregated with other debts secured by the property, did not exceed 80% of the property's fair market value.

The Agbasis eventually defaulted on both the Loan and homeowners association assessments. The homeowners association foreclosed, and Kingman acquired an interest in the property at the resulting foreclosure sale. Kingman's interest was subordinate to the first lien granted by the Agbasis in connection with the Loan.

Following a series of assignments, the Bank acquired the Note and Deed of Trust, and it pursued this lawsuit, seeking to foreclose on the property. Kingman countersued to quiet title, arguing the Deed of Trust was void because the Loan

---

[2] The Note in the record contains only Stella Agbasi's signature, but that does not affect our analysis of the issues raised on appeal.

violated the Texas Constitution's prohibition on home-equity loans exceeding 80% of the property's fair market value. *See* TEX. CONST. art. XVI, § 50(a)(6)(B).

Relevant here, the Bank moved for traditional summary judgment on its foreclosure claim, and both traditional and no-evidence summary judgment on Kingman's counterclaim. The Bank argued: (1) it was entitled to foreclose because the Agbasis defaulted on the Loan secured by its first lien; (2) its evidence conclusively refuted Kingman's constitutional argument seeking to void the lien; and (3) there was no evidence to support Kingman's constitutional argument. In response, Kingman filed an affidavit from Theodore Blanchard, a real-estate broker, who opined retrospectively that the property's value in 2007[3] was $241,906—placing the original Loan amount outside the 80% constitutional maximum. Thus, Kingman argued, a fact issue exists as to whether the Bank's lien is constitutionally void. *See id.*

The trial court granted the Bank's motions in full, and we review its summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). Where, as here, the trial court's order does not specify the grounds on which summary judgment was granted, we will affirm if any theory presented to the trial court and

---

[3] The affidavit mistakenly states the value of the property as of 2017, not 2007, but the context clearly indicates that it intended to state an opinion on the property's value in 2007.

preserved for our review is meritorious. *Provident Life & Accident Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

To obtain a traditional summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166(a)(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To defeat a no-evidence motion, the non-movant must produce evidence sufficient to raise a genuine issue of material fact as to each challenged element. *Id.*

A genuine fact issue exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Thus, a fact issue does not exist if the evidence is "so weak as to do no more than create a mere surmise or suspicion" of its existence. *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

The Texas Constitution provides that a lender may not foreclose on a homestead to secure payment for a home-equity loan unless, among other things, the debt's principal amount "when added to the aggregate total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made." TEX. CONST. art. XVI,

§ 50(a)(6)(B). That said, a "lender or assignee for value may conclusively rely on" the borrower's "written acknowledgement as to the fair market value" if:

> (1) the value acknowledged to is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6); and

> (2) the lender or assignee does not have actual knowledge at the time of [funding] that the fair market value stated in the written acknowledgment was incorrect.

*Id.* § 50(h).

The prevailing view among both Texas and federal courts is that a challenge to the validity of a lien based on constitutional non-compliance is similar in nature to an affirmative defense, and thus the party seeking to void the lien carries the burden of proof. *See Hinton v. Nationstar Mortg. LLC*, 533 S.W.3d 44, 50 (Tex. App.—San Antonio 2017, no pet.); *Wilson v. Aames Capital Corp.*, No. 14-06-00524-CV, 2007 WL 3072054, at *1 (Tex. App.—Houston [14th Dist.] Oct. 23, 2007, no pet.) (mem. op.); *see also Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 249 (5th Cir. 2020) ("We do not agree that, as part of its initial burden under Texas law, the party bringing a claim for judicial foreclosure must establish that the loan complies with every constitutional provision."); *but see Lander v. Bank of N.Y. Mellon*, No. 13-20-00466-CV, 2022 WL 551151, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2022, no pet. h.) (mem. op.) ("Under the facts of this case,

–5–

Lander's assertion that the lien is invalid does not fall squarely within the common-law concepts of affirmative defenses or matters of avoidance.").

Here, the Bank's summary judgment evidence included the appraisal prepared for the Loan, which both certified its compliance with federal regulations and valued the property at $272,000. The evidence also included the Acknowledgment, in which both the lender and the Agbasis agreed the fair market value of the property was $272,000. Under these circumstances, in the absence of any evidence suggesting the lender had actual knowledge that the property was not worth $272,000 at the time of funding, Kingman's challenge under § 50(a)(6) fails. *See* TEX. CONST. art. XVI, § 50(h).

Kingman argues that Collin County tax assessments in 2006 and 2007 were significantly lower than $272,000, and thus, the lender had actual knowledge of a lower fair market value. But "[t]he value placed upon real property for tax assessment purposes, without participation of the landowner, is not evidence of its value for purposes other than taxation." *Dallas Cnty. Bail Bond Bd. v. Black*, 833 S.W.2d 247, 249 (Tex. App.—Dallas 1992, no writ). Indeed, "tax assessments often do not reflect the true value of property" and are considered inadmissible hearsay. *Id.*

The Acknowledgement is conclusive on this issue, Kingman's argument seeking to void the lien fails as a matter of law, and the Bank is entitled to a

traditional summary judgment on both its claim for foreclosure and Kingman's counterclaim to quiet title. *See* TEX. CONST. art. XVI, § 50(h). We affirm the trial court's judgment.[4]

210075f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[4] Because we conclude that the trial court correctly granted a traditional summary judgment based on § 50(h), we need not consider either Kingman's challenge to the no-evidence motion or the Bank's arguments concerning whether the trial court could have properly excluded Mr. Blanchard's affidavit.

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KINGMAN HOLDINGS, LLC, AS
TRUSTEE FOR THE BRIAR OAK
223 LAND TRUST, Appellant

No. 05-21-00075-CV        V.

NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-01245-
2018.
Opinion delivered by Justice Carlyle.
Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee U.S. Bank Trust National Association, not in its Individual Capacity, but Solely as for the RMAC Trust, Series 2016-CTT recover its costs of this appeal from appellant Kingman Holdings, LLC, as Trustee for the Briar Oak 223 Land Trust.

Judgment entered this 23rd day of June, 2022.